1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# FILED

AUG 2 6 2008

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
IN THE UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SATURNINO PRADO,                    )    No. C 08-3962 JSW (PR)
                                    )
            Plaintiff,              )    **ORDER DISMISSING COMPLAINT**
                                    )    **WITHOUT PREJUDICE AND**
      vs.                           )    **GRANTING LEAVE TO PROCEED**
                                    )    **IN FORMA PAUPERIS**
JUDGE ALICE E. ALTOON,              )
                                    )    **(Docket no. 2)**
            Defendant.              )
_____)
                                    )

## INTRODUCTION

Petitioner, currently incarcerated by the State of California State Prison-Sacramento in Represa, California, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. Petitioner seeks leave to proceed *in forma pauperis* (docket no. 2). This order dismisses the petition. Plaintiff's application to proceed *in forma pauperis* is GRANTED in a separate order filed simultaneously.

## DISCUSSION

Plaintiff's complaint challenges Plaintiff's conviction in front of Los Angeles County Superior Court Judge Alice Altoon. Plaintiff asserts in his complaint for relief that he was not guilty of the crime of which he was convicted and unfairly sentenced to fourteen years by Judge Altoon and that his Sixth and Fourteenth Amendment rights were violated. Plaintiff is seeking "a fair trial" or compensation for his injuries. Plaintiff has previously filed a nearly identical action in this Court under Case No. C-05-2126 JSW (PR), which was dismissed by this Court for the same reasons set forth herein.

A. <u>Standard of Review</u>

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a violation of a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

B. <u>Legal Claim</u>

In this case, Petitioner has improperly filed his claim as a civil rights action. A district court may construe a habeas petition by a prisoner attacking the conditions of his confinement as a civil rights action under 42 U.S.C. § 1983. *Wilwording v. Swenson*, 404 U.S. 249, 251 (1971). The opposite is not true, however: a civil rights complaint seeking habeas relief should be dismissed without prejudice to bringing it as a petition for writ of habeas corpus. *Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995).

Any claim by a prisoner attacking the validity or duration of his confinement must be brought under the habeas sections of Title 28 of the United States Code. *Calderon v. Ashmus*, 523 U.S. 740, 747 (1998); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). A prisoner must bring a habeas petition if the nature of his claim is such that it would necessarily imply the invalidity of his conviction or continuing confinement. *Bogovich v. Sandoval*, 189 F.3d 999, 1002 (9th Cir. 1999) (ADA claim); *Butterfield v. Bail*, 120 F.3d

2

1  1023, 1024 (9th Cir. 1997) (§ 1983 claim). In this case, Plaintiff's claims attack the

2  validity of his confinement and are such that they necessarily imply the invalidity of his

3  continuing confinement. As such, they are DISMISSED without prejudice.

4  To the extent that Plaintiff seeks to state a § 1983 claim against Judge Altoon, the

5  complaint is dismissed based on her immunity from suit. A state judge is absolutely

6  immune from civil liability for damages for acts performed in his judicial capacity. *See*

7  *Pierson v. Ray*, 386 U.S. 547, 553-55 (1967) (applying judicial immunity to actions

8  under 42 U.S.C. § 1983). Judicial immunity is an immunity from suit for damages, not

9  just from an ultimate assessment of damages. *See Mitchell v. Forsyth*, 472 U.S. 511, 526

10  (1985). As such, the complaint fails to state a claim for relief and is dismissed.

## CONCLUSION

12  Based on the foregoing, this action is DISMISSED. The Clerk of Court shall

13  close the file and enter judgment in accordance with this order.

14  IT IS SO ORDERED.

15  DATED: AUG 2 6 2008

16
17  JEFFREY S. WHITE
United States District Judge

18
19
20
21
22
23
24
25
26
27
28

3

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SATURNINO PRADO,

Plaintiff,

v.

JUDGE ALICE E. ALTOON,

Defendant.

_____/

Case Number: CV08-03962 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 26, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Saturnino Prado #P-98312
P.O. Box 290066
Represa, CA 95671

Dated: August 26, 2008

*Jennifer Ottolini*

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk